UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FLYING J INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 1:07-CV-237 RM |
| ) | |
| CITY OF NEW HAVEN, INDIANA, a ) | |
| political subdivision of the State of ) | |
| Indiana, BRIAN YOH, individually and as ) | |
| Plan Director and Zoning Administrator ) | |
| of the City of New Haven, TERRY E. ) | |
| MCDONALD, individually and as Mayor of ) | |
| the City of New Haven, ) | |
| JOHN & JANE DOES 1-15. ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 678 (7th Cir. 2006) (because "limits on subject-matter jurisdiction are not waivable or forfeitable . . . federal courts are required to police their jurisdiction"). The plaintiff's complaint states that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1332, but does not properly allege the existence of diversity jurisdiction. It alleges that Brian Yoh and Terry McDonald are "individual[s] residing in the State of Indiana," but residency is not citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and jurisdiction depends on the citizenship of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216

(7th Cir. 1996). The plaintiff must show the citizenship of each party as of the date the complaint was filed. Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993).

Additionally, the complaint alleges that "[d]efendants John Does 1 through 15 are agents, officials, or employees of the City, or individuals with competing business interests in the City, who upon information and belief, have conspired with other Defendants to engage in the activities described in the Complaint." Unidentified John Doe defendants are not permitted in federal diversity suits because diversity jurisdiction must be proved by the plaintiff rather than assumed as a default. Howell v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship"); Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that Does 1-10 are diverse with respect to the plaintiff"). While some exceptions to the John Doe ban exist – when John Doe defendants "are merely nominal parties, irrelevant to diversity jurisdiction," when "naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case" to federal court, or when a John Doe defendant is named in a suit based on federal question jurisdiction – those exceptions have not been claimed here. Howell v. Tribune Entertainment Co., 106 F.3d at 218.

Although the case may be subject to dismissal on these grounds, Tylka v. Gerber Prods. Co., 211 F.3d 445 (7th Cir. 2000), the court instead affords the

plaintiff twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   September 19, 2007


    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court